UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-22970-CIV-HUCK/GARBER

LORNE BATTISTE, *et al.*,

    Plaintiffs,

vs.

BROWARD SHERIFF KENNETH
C. JENNE, II., *et al.*,

    Defendants.
_____/

## ORDER ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

    This cause is before the Court upon Defendants John Brooks, Ron Reffett, Mario Barcelo, Gregory Goodwien and Melvin Wilkin's (collectively, the "BSO Defendants") Motion for Partial Judgment on the Pleadings on Count XI (Conspiracy) of the Second Amended Complaint, filed October 12, 2006.

    The BSO Defendants seek judgment on the pleadings with respect to Count XI of Plaintiffs' Second Amended Complaint. In Count XI, Plaintiffs claim that the BSO Defendants conspired with each other to violate Plaintiffs' civil rights. The BSO Defendants argue that the intracorporate conspiracy doctrine bars such a claim. Under the intracorporate conspiracy doctrine, a corporation's employees, when acting in the scope of their employment, cannot conspire among themselves. *McAndrew v. Lockheed Martin Corporation*, 206 F.3d 1031, 1036 (11th Cir. 2000). The doctrine extends to civil rights actions brought against governmental entities and their personnel. *See Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001); *Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 768-70 (11 th Cir. 2000). Plaintiffs do not contest the application of the intracorporate conspiracy doctrine in civil rights cases arising under 42 U.S.C. § 1983, but argue that the conspiracy alleged here is exempt from the doctrine's application because it is criminal in nature.

    Criminal conspiracies are exempt from the intracorporate conspiracy doctrine. *See United States v. Hartley*, 678 F.2d 961 (11th Cir. 1982). The criminal conspiracy exception applies not only in criminal cases, but also in civil cases where a criminal conspiracy is alleged. *See McAndrew*, 206 F.3d 1031; *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 603 (5th Cir.1981). The plaintiff in

*McAndrew* sued his former employer and two of its corporate officers under 42 U.S.C. §1985(2), alleging that the corporation and its officers conspired to deter him from testifying before a federal grand jury and to fire him in retaliation after he did testify. Applying the intracorporate conspiracy doctrine, the district court dismissed McAndrew's conspiracy claim. The Eleventh Circuit, however, reversed the dismissal because the allegations in McAndrew's civil §1985(2) conspiracy claim also established a violation of criminal statutes prohibiting witness tampering. Under those circumstances, the Eleventh Circuit held that the intracoprorate conspiracy doctrine did not apply and did not shield the defendants from civil liability. *McAndrew*, 206 F.3d at 1036.

The Eleventh Circuit explained its decision in *McAndrew* by noting that the original purpose of the corporate entity fiction was to *expand* rather than shrink corporate responsibility for the acts of its acts of its agents. *Id*. at 1039 (citing *Hartley*, 678 F.2d at 970). "The fiction was never intended to prohibit the imposition of civil liability by allowing a corporation or its agents to hide behind the identity of the other." *Id*. (quoting *Hartley*, 678 F.2d at 970). In situations where a criminal conspiracy is alleged, the action by an incorporated collection of individuals creates the 'group danger' at which conspiracy liability is aimed, and the view of the corporation as a single legal actor becomes a fiction without a purpose. *Dussouy*, 660 F.2d at 603.

In Count XI of their Second Amended Complaint, Plaintiffs sue all five BSO Defendants for "conspiracy to interfere with Plaintiffs' constitutional rights to be free from unlawful seizure of their person by police officers, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution." Second. Am. Compl. at ¶ 178. Plaintiffs argue that while their conspiracy claim arises under a civil statute, 42 U.S.C. § 1983, the conduct alleged is nevertheless a crime under 18 U.S.C. §§ 241 and 242. Section 241 makes it a federal crime for "two or more persons to conspire to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same . . ." Section 242 makes it a crime for anyone "acting under color of law . . . to willfully subject any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . ."

The Court agrees that the conspiracy alleged in Count XI is criminal in nature and, therefore, exempt from application of the intra-corporate conspiracy doctrine. Essentially, Plaintiffs allege that the BSO Defendants conspired with each other to deprive them of their Constitutional rights. Such

2

conduct is not only civilly actionable under 42 U.S.C. §1983, but also criminal under 18 U.S.C. §§ 241 and/or 242. Therefore, the intracorporate conspiracy doctrine does not apply in this case. *See McAndrew*, 206 F.3d at 1036 (the fiction of the corporate entity "was never intended nor used to shield conspiratorial conduct that was criminal in nature"). Accordingly, the BSO Defendants' Motion for Partial Judgment on the Pleadings on Count XI (Conspiracy) of the Second Amended Complaint is DENIED.

DONE and ORDERED in Chambers, Miami, Florida, this 15th day of November, 2006.

Paul C. Huck
United States District Judge

Copies furnished to:
Magistrate Judge Barry Garber
Counsel of Record